## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

| | |
|---|---|
| THE AMERICAN NATIONAL RED CROSS, <br> 431 18th Street, NW <br> Washington, DC 20006 <br><br> *Plaintiff,* <br><br> v. <br><br> THE WORLD INSTITUTE OF SAFETY LLC, <br> 20 S. Charles Street, Ste 402 <br> Baltimore, MD 21201 <br><br> *Defendant* | Case No. 1:19-cv-02310-JKB |

### ~~PROPOSED~~ ORDER FOR JUDGMENT BY DEFAULT AND INJUNCTIVE RELIEF AGAINST DEFENDANT THE WORLD INSTITUTE OF SAFETY LLC

On August 12, 2019, the American National Red Cross ("the Red Cross") filed its complaint for trademark infringement and other equitable relief in this matter pursuant to Sections 32(1), 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c), and 18 U.S.C. § 706, charging WIOS with engaging in deceptive acts or practices in connection with the unauthorized use of its trade name and marks in advertising and provision of safety courses and training materials. The Red Cross also pled claims pursuant to Section 1-414 of the Maryland Code, Business Regulations and Section 13-303 of the Maryland Consumer Protection Act. Finally, the Red Cross's complaint pled a common law breach of contract claim.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court entered default against WIOS. The Red Cross now moves this Court for entry of an Order for Judgment by Default and Permanent Injunction ("Order") against the defaulting defendant, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Having considered the Memorandum, and all other pleadings in this action, and now being fully advised, the Court makes the following findings of fact and enters the following Default Judgment and Order:

## FINDINGS OF FACT

1. The complaint seeks both a sum certain in contract damages and permanent injunctive relief for trademark infringement by WIOS in connection with the use, promotion, and sales of property and services of the Red Cross.

2. This is an action by the Red Cross for violations of Sections 32(1), 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c). Such violations were willful pursuant to 15 U.S.C. § 1117. WIOS also violated 18 U.S.C. § 706. The Red Cross's state law claims are for violations of Section 1-414 of the Maryland Code, Business Regulations and Section 13-303 of the Maryland Consumer Protection Act.

3. This Court has jurisdiction over the subject matter of this case and has jurisdiction over WIOS, the defaulting defendant. Venue in the District of Maryland is proper.

4. The Complaint was filed on August 12, 2019. The summons and complaint were properly served by certified mail on WIOS on September 9, 2019. WIOS has failed to answer the complaint or otherwise defend itself in this action. Accordingly, Defendant is in default.

5. WIOS is a limited liability company, and, therefore, is not an infant, has not been declared incompetent, and is not currently in the military or otherwise exempted from default judgment.

6. The Red Cross markets and provides courses in lifesaving skills such as CPR, first aid, and lifeguarding to the public under the Greek red cross symbol ("the Red Cross Symbol")

and word marks RED CROSS and AMERICAN RED CROSS (collectively "the Red Cross Marks").

7. The Red Cross authorized WIOS to provide Red Cross training courses to the public, using the Red Cross Marks, instructor and participant manuals, and other teaching materials and resources created by the Red Cross, pursuant to a Licensed Training Provider Agreement.

8. WIOS breached its Licensed Training Provider Agreement with the Red Cross when it failed to pay invoiced amounts due. Therefore, the Red Cross terminated the Agreement.

9. WIOS owes the Red Cross $249,203.98 plus post-judgment interest.

10. Although the Licensed Training Provider Agreement terminated in October 2018, WIOS continues to claim a Red Cross affiliation where none exists.

11. WIOS is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), for infringing on the Red Cross's trademarks by, without authorization or consent, using the Red Cross Marks in advertising and providing services to the general public, holding itself out as an authorized provider of Red Cross courses, and using the Red Cross Marks in connection with training courses.

12. WIOS's violations are demonstrated by, among other things, links on its EnjoyCPR website to the Red Cross's website; use of the Red Cross Marks throughout its website; and the fraudulent provision of Red Cross training courses and certifications.

13. WIOS is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for infringing on the Red Cross's trademarks and in so doing, causing confusion, mistake, or deceiving as to the origin, sponsorship, or approval of WIOS, its services, and/or its commercial activities by or with the Red Cross.

3

14. WIOS is in violation of Section 43(c) of the Lanham Act, 15 U S.C. § 1125(c), for using the infringing marks and in so doing, diluting the distinctive quality of the famous Red Cross Marks.

15. WIOS is in violation of 18 U.S.C. § 706 (exclusive trademark right) for using the Red Cross Marks without authorization.

16. WIOS is in violation of Md. Code Bus. Reg. § 1-414 *et seq*. and Maryland common law for infringing on the Red Cross's trademark rights by, without authorization or consent, using the Red Cross's Marks in connection with the sale, offering for sale, and/or advertising of goods or services.

17. WIOS is in violation of Section 13-303 of Maryland's Consumer Protection Act for representing to consumers, in the course of promoting and providing services using the infringing marks, that WIOS services have a source, sponsorship, and characteristic (*i.e.*, sponsored by and related to the Red Cross) that they do not have and that WIOS's services are of a standard, quality, grade, style, and model which they are not.

18. It is proper in this case to issue a permanent injunction prohibiting WIOS from making misrepresentations in connection with the use, promotion and sale of the Red Cross name, marks, and all training course materials and services.

19. Entry of this Order is in the public interest.

**DEFAULT JUDGMENT IS GRANTED** as to the following:

1. WIOS breached the Licensed Training Provider Agreement;

2. WIOS violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a);

3. WIOS violated Section 43(c) of the Lanham Act, 15 U S.C. § 1125(c);

4. WIOS violated 18 U.S.C. § 706;

5. WIOS engaged in trademark infringement and deceptive trade practices in violation of the statutory and common law of Maryland; and

6. WIOS violated Section 13-303 of the Maryland Consumer Protection Act.

**IT IS ORDERED THAT**:

WIOS and its officers, directors, agents, servants, employees, attorneys, parent companies and affiliates, successors and assigns and subsidiaries and all those persons in active concern or participation therewith, are hereby enjoined from:

1. Using the Red Cross's trademarks, any imitation or legal equivalent thereof, or any other mark or logo which is confusingly similar to the Red Cross Marks, including all website references to "ARC" and "Red Cross" or "American Red Cross," and from continuing their unfair methods of competition and unfair and deceptive acts and practices;

2. Committing any acts calculated to cause the public to believe that WIOS and/or any of WIOS's services are associated, affiliated or sponsored by the Red Cross or are authorized or approved by the Red Cross, in whole or in part, including holding itself out as an authorized provider of Red Cross classes, offering Red Cross classes on any website it owns or controls and accepting registrations of payments for any Red Cross training courses;

3. Otherwise competing unfairly with the Red Cross in any manner, including without limitation, using a false designation of origin or using a mark that will dilute the Red Cross Marks; and

4. Attempting, causing, or assisting any of the above-described acts.

**IT IS FURTHER ORDERED** that WIOS is required to file with the Court and serve on the Red Cross within thirty (30) days after service of the injunction a written report under oath

pursuant to 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which WIOS has complied with the injunction, including but not limited to describing in detail WIOS's cessation of use of the infringing marks on all websites and in the use of WIOS's services.

**IT IS FURTHER ORDERED** that the Red Cross is entitled to an award of $249,203.98 plus post-judgment interest for the breach of contract described herein.

DATED: ~~December ___, 2019~~ January 7, 2020

Judge James K. Bredar