## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THE AMERICAN NATIONAL RED CROSS,          \*

        Plaintiff,              \*

        v.                   \*

                                                **CIVIL NO. JKB-19-2310**

THE WORLD INSTITUTE OF SAFETY LLC,          \*

        Defendant.          \*

   \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM AND ORDER</u>

Now pending before the Court is the request of Plaintiff The American National Red Cross ("Red Cross") that sanctions be imposed against Defendant The World Institute of Safety LLC ("WIOS") for contempt of Court. (*See* ECF Nos. 26, 27, 31.) For the reasons set forth below, Red Cross's request is GRANTED.

On August 12, 2019, Red Cross sued WIOS for, *inter al.*, trademark infringement, unfair competition, and breach of contract. (ECF No. 1.) Defendant failed to answer the Complaint, and on January 8, 2020, the Court entered an Order for Judgment by Default and Injunctive Relief. (ECF No. 18.) The Court granted Red Cross a damages award of $249,203.98 plus post-judgment interest. (*Id.*) The Court also enjoined WIOS from: (1) "Using the Red Cross's trademarks, any imitation or legal equivalent thereof, or any other mark or logo which is confusingly similar to the Red Cross Marks . . . and from continuing their unfair methods of competition and unfair and deceptive acts and practices"; (2) "Committing any acts calculated to cause the public to believe that WIOS and/or any of WIOS's services are associated, affiliated or sponsored by the Red Cross

. . . [or] offering Red Cross classes on any website it owns or controls and accepting registrations of payments for any Red Cross training courses"; (3) "Otherwise competing unfairly with the Red Cross in any manner"; and (4) "Attempting, causing, or assisting any of the above-described acts." (*Id.*) The Court further ordered Defendant "to file with the Court and serve on the Red Cross within thirty (30) days after service of the injunction a written report under oath pursuant to 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which WIOS has complied with the injunction, including but not limited to describing in detail WIOS's cessation of use of the infringing marks on all websites and in the use of WIOS's services." (*Id.*)

WIOS did not file a written report pursuant to the Court's Order. Moreover, WIOS ignored the Court's injunction and continued to falsely hold itself out as being authorized to provide Red Cross-certified training. (*See* ECF Nos. 27, 31.) On August 13, 2020, the Court ordered WIOS to show cause within 14 days why it should not be held in contempt of Court. (ECF No. 29.) WIOS ignored that Order as well. As such, the Court held WIOS in civil contempt on August 28, 2020 (ECF No. 30), and again holds WIOS in civil contempt with this Order.

The Court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re Gen. Motors Corp.,* 61 F.3d 256, 258 (4th Cir. 1995) (internal quotations and citations omitted). "For example, a court may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration." *F.T.C. v. RCA Credit Servs., LLC*, Civ. No. JDW-08-2062, 2011 WL 5924969, at *5 (M.D. Fla. Oct. 5, 2011) (citations omitted). Here, a coercive fine against WIOS is undoubtedly warranted. In accordance with this Court's past practice in similar cases, *see Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633 (D. Md. 2015), the Court will impose a

daily fine of $1,000 until Defendant purges its contempt by complying with the Court's Order for Judgment by Default and Injunctive Relief. (ECF No. 18.)

Experience indicates that simply imposing an additional fine on The World Institute of Safety LLC may be insufficient to coerce compliance, as the members who manage WIOS seem comfortable ignoring orders directed at WIOS. However, corporate officials who are bound by injunctions restraining a corporate entity under Rule 65(d) of the Federal Rules of Civil Procedure are also personally subject to sanctions for contempt if the entity defies an injunction. *See Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 136–37 (4th Cir. 1994) (affirming contempt sanctions against non-party officer of defendant corporation); *Buffalo Wings Factory, Inc. v. Mohd*, Civ. No. JCC-07-612, 2008 WL 4642163, at *7–9 (E.D. Va. Oct. 15, 2008). Red Cross has provided documentation demonstrating that George Barnes is WIOS's managing member and resident agent, and as such, is personally subject to contempt for WIOS's defiance of the Court's injunction. (*See* ECF No. 31-1.) The Court will provide Barnes the opportunity to show cause, on or before October 16, 2020, why he should not be held in contempt personally and have sanctions imposed against him. If Barnes fails to do so, and his LLC continues to defy the Court's Orders, the Court will impose sanctions on Barnes personally. Barnes is on notice that such sanctions may include fines and coercive incarceration.

Accordingly, IT IS HEREBY ORDERED:

1.  WIOS is held in contempt of Court for failing to comply with the Court's Order for Judgment by Default and Injunctive Relief. (ECF No. 18.)

2.  Fines: In the event that WIOS fails to purge such contempt, WIOS will incur a daily fine of $1,000, payable to the United States, which will accrue each day at noon beginning October 6, 2020, to coerce obedience to the Court's Order for Judgment

3

by Default and Injunctive Relief. This fine is levied for noncompliance with that Order, and continues until WIOS complies with the Court's Order by adhering to all conditions of the outstanding injunction and filing the written report setting forth its compliance, as required by the Order for Judgment by Default and Injunctive Relief. (ECF No. 18.)

3. George Barnes is ORDERED to show cause, on or before October 16, 2020, why he should not be held in contempt personally and why the Court should not impose sanctions against him, including fines and coercive incarceration.

4. The Clerk SHALL mail a copy of this Order to The World Institute of Safety LLC c/o George Barnes, 20 S. Charles Street, Suite 402, Baltimore, MD 21201.

5. The Clerk SHALL mail a copy of this Order to George Barnes, 4217 Primrose Avenue, Baltimore, MD 21215.

6. The United States Marshals Service SHALL serve George Barnes or an individual authorized to accept service on his behalf at the above addresses.

DATED this 5 day of October, 2020.

BY THE COURT:

James K. Bredar

James K. Bredar
Chief Judge