IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE AMERICAN NATIONAL RED        \*
CROSS,

      Plaintiff,                        \*

      v.                             \*

                                                    CIVIL NO. JKB-19-2310

THE WORLD INSTITUTE OF SAFETY  \*
LLC,

      Defendant.                    \*

  \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER

On October 5, 2020, the Court ordered George Barnes, the managing member of Defendant The World Institute of Safety ("WIOS"), to show cause as to why he should not be held in contempt personally and have sanctions imposed against him for Defendant's non-compliance with this Court's Order for Judgment by Default and Injunctive Relief (ECF No. 18). (ECF No. 32.) Although Barnes did not respond to the October 5 Order, the Court was notified that service on Barnes had been unsuccessful, and stayed the October 5 Order until Plaintiff demonstrated proof of service on Barnes. (ECF No. 35.)

On February 1, 2021, Plaintiff submitted an affidavit confirming successful service of the October 5 Order on Barnes at 20 South Charles Street, Suite 402. (*See* ECF No. 37-1.) Based on this submission, on February 8, 2021, the Court again issued an Order requiring that Barnes show cause, on or before March 1, 2021, why he should not be held in contempt personally and have sanctions imposed against him. (ECF No. 38 at 2.) Barnes has again failed to appear and show cause as to why he should not be held in contempt personally, but a copy of the Court's February

1

8 Order—which was sent to the same address where Plaintiff apparently successfully served Barnes on February 1—was returned as undeliverable. (*See* ECF No. 39.) Thus, while Barnes may have been successfully served with the Court's October 5 Order and may be on notice regarding the proceedings generally, it is not clear whether he is aware of the more specific March 1, 2021 deadline to show cause imposed by the Court's February 8 Order.

Further, it appears that Defendant may have taken preliminary steps to comply with the injunctive relief granted by the Court. On July 22, 2020, Plaintiff submitted screenshots of enjoycpr.com, a website attributed to Defendant, in support of its motion for an initial order requiring Defendant to show cause as to why it should not be held in contempt for violating the Court's Order regarding default judgment. (ECF No. 27.) These screenshots showed that the Enjoy CPR website referenced the trademarks at issue in this litigation. (*Id.*) For instance, one screenshot showed that the "FAQs" section of the Enjoy CPR website advertised American Red Cross ("ARC") certifications. (ECF No. 27-8.) However, as of March 3, 2021, the FAQs section no longer lists ARC certification among the certifications offered by Enjoy CPR. *See* FAQs, Enjoy CPR, https://enjoycpr.com/faqs (last accessed Mar. 3, 2021). Given that the Court's previous Order was conditioned on both Barnes' failure to show cause and his company's continued defiance of this Court's Orders, this development may be salient to the propriety and scope of any sanctions against Barnes. Accordingly, it is hereby ORDERED:

1. Plaintiff SHALL provide evidence as to the nature and scope of any ongoing violations of the injunction restraining Defendant from using Plaintiff's trademarks or otherwise competing unfairly with Plaintiff; and

2. If Plaintiff deems this measure appropriate, Plaintiff SHALL submit a proposed order for sanctions against Barnes. If Plaintiff decides to make this filing, Plaintiff SHALL take into

account any evidence of Defendant's ongoing violations as well as the repeated challenges in serving Barnes, and SHALL prepare a memorandum identifying the authorities that support the propriety of any proposed sanctions.

DATED this 5 day of March, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

3